

# United States District Court
### EASTERN DISTRICT OF TEXAS
### PARIS DIVISION

| | | |
|---|---|---|
| TOMMIE M. MCCRACKEN | § § | |
| V. | § § | CASE NO. 4:05cv40 (Judge Schell/Judge Bush) |
| Commissioner of Social Security Administration | § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff filed for disability insurance benefits and supplemental security income on May 23, 2001, claiming inability to work since December 1, 1999 due to advanced emphysema and degenerative disc disease. The application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). After holding a hearing on September 25, 2002, the ALJ issued an unfavorable decision on November 6, 2002. The Plaintiff subsequently requested that the Appeals Council conduct a review. The Appeals Council denied Plaintiff's request on January 24, 2003.

Plaintiff filed an action in this Court and the Commissioner filed a motion to

remand. On October 7, 2003, the Court issued a Final Judgment remanding the case to the Commissioner for further consideration in accordance with the fourth sentence of 42 U.S.C. § 405(g). As a result, the Appeals Council vacated the ALJ's November 2002 decision and remanded the case for further proceedings.

On February 19, 2004, in response to the remand order, another hearing was held at which Plaintiff, a vocational expert ("VE"), and a medical expert ("ME") testified. On June 15, 2004, the ALJ again found that Plaintiff was not disabled. The ALJ found that Plaintiff's chronic obstructive pulmonary disease ("COPD"), sleep apnea, and obesity were sever impairments, but also found that these impairments did not meet or equal a listing in Appendix 1, Subpart P, Regulation No. 4. The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a wide range of sedentary work with asthma precautions prior to December 31, 2000. Furthermore, the ALJ determined, based on the testimony of the VE, that Plaintiff's work capacity did not prevent her from performing a significant number of skilled sedentary jobs in the national economy.

Upon the Appeal's Council's denial of Plaintiff's request for review on January 24, 2003, the ALJ's determination became the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE FACTS**

When Plaintiff's insured status expired, she was fifty-nine years old with a high school education and one year of college. According to the ALJ, Plaintiff presented

the following history:

> In January of 1998, [C]laimant was seen by Greg Foster, M.D., with complaints of snoring and excessive daytime sleepiness. She also related problems with shortness of breath with exertion and wheezing. Dr. Foster noted the claimant was 67 inches in height and weighed 265 pounds. Following the nocturnal polysomnogram study of the claimant, Dr. Foster was of the impression that the claimant has only mild to moderate obstructive sleep apnea with respiratory disturbance index elevated at twenty-six events per hour and significant oxygen desaturation. The claimant subsequently underwent nasal CPAP titration for her obstructive sleep apnea and a program of diet and weight loss was recommended as part of her long term treatment plan (Exhibit 1F). By March 1998, it was noted that the claimant's daytime sleepiness had improved (Exhibit 9F/40).
>
> Progress notes as of May 1998 by B. Boring, Jr., M.D. indicate the claimant was seen and treated for complaints of pain in the left knee and pain in both legs. Physical examination revealed soreness on the lateral ankle but no swelling present. Although there was tenderness in the left medial knee, the claimant reported that it got better when she got up and moved around. The claimant was assessed with osteoarthritis and was given Daypro (Exhibit 9F/38).

_____

> The claimant has past relevant work as an accountant, a clerk for the Department of Motor Vehicles (DMV), and an owner of a daycare.

(TR 14-16).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.

The ALJ made the following findings:

1. Claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through December 31, 2000.

2. Claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. Claimant has medically determinable obesity, chronic obstructive pulmonary disease/emphysema, sleep apnea, and osteoarthritis.

4. Claimant's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. Claimant's allegations regarding her credibility are not totally credible to the extent contended.

6. Claimant retained the residual functional capacity to perform medium work which involves lifting up to fifty pounds occasionally and twenty-five pounds frequently, and sitting, standing, and walking approximately six hours in an eight hour workday.

7. Claimant's past relevant work as an accountant, clerk for the DMV, and owner of a daycare did not require the performance of work-related activities precluded by her residual functional capacity.

8. Claimant's medically determinable obesity, chronic obstructive pulmonary disease/emphysema, sleep apnea, and osteoarthritis do not prevent the claimant from performing her past relevant work.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time from December 1, 1999 through December 31, 2000 for purposes of Title II of the Act.

(TR 16-17)

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings, *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983), and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981); see 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th

Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Chaney v. Califano*, 588 F.2d 958, 959, (5th Cir. 1979), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

To establish disability, Plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382(a)(3).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R.

§ 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). In this case, the determination that Plaintiff was not disabled was made at the Fifth Step.

## **ANALYSIS**

The Commissioner claims that Plaintiff has failed to identify those portions of the record demonstrating how the ALJ failed to evaluate the medical evidence. The Fifth Circuit has held that in Social Security disability cases, the party seeking judgment "bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Although the Court considers the case on the record and not in a summary judgment context, the same considerations should apply.

Plaintiff appears to take issue with the ME's opinion that she can perform a wide range of sedentary work. More specifically, Plaintiff contends that an ME's testimony that an individual may have a certain work capacity does not establish that an individual can perform competitive gainful employment on a sustained basis. "The ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly.'" *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (*quoting Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). "The ALJ as factfinder has the sole responsibility for weighing the evidence

and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (5th Cir. 1991).

Sterling Moore, M.D., the ME, opined that Plaintiff retained the RFC for a wide range of sedentary work. Social Security regulations define RFC as the physical ability to perform work activity on a "regular and continuing basis." 20 C.F.R. § 404.1545(b). Social Security Ruling ("SSR") 96-8p also provides that RFC is an assessment of the individual's ability to do "sustained work related physical and mental activities in a work setting on a regular and continuing basis which means 8 hours a day, for 5 days a week, or an equivalent work schedule." Thus, inherent in every RFC assessment is a finding that the claimant can perform work on a regular and continuing basis, and thus can maintain employment. *See Dunbar v. Barnhart*, 223 F.Supp.2d 795, 802 (W.D.Tex. 2002).

The ME testified that Plaintiff's medical records revealed that the onset of Plaintiff's back symptoms occurred only after Plaintiff's insured status expired in December 2000. It was not until March 2001 that Plaintiff reported experiencing any back pain. Luis A. Mignucci, M.D., stated on November 26, 2001, that Plaintiff told him that she had only been in pain since March 2001 and did not see him until August 31, 2001. There were no diagnostic tests or laboratory findings establishing the existence of any lumbar abnormalities in Plaintiff prior to December 31, 2000. *See Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir.1991); 20 C.F.R. § 404.1528(a) (mere testimony, without supporting objective medical evidence, cannot establish disability). A claimant is eligible for benefits only if the onset of the qualifying medical impairment

[or combination of impairments] began on or before the date the claimant was last insured. *See Ivy*, 898 F.2d at 1048. "Claimants bear the burden of establishing a disabling condition before the expiration of their insured status." *Id.* (*citing Milam v. Bowen*, 782 F.2d 1284 (5th Cir. 1986)). Plaintiff's medical record of March 23, 2001 (T.R. 207) reflects that she had been short of breath for the last 6 to 8 months. This would be before the onset date. However, there is also a notation that she is not using oxygen. Prior to the onset date, there is only one record which mentions shortness of breath and no records mention her back complaints.

    The ALJ did acknowledge that Plaintiff was prescribed medication to improve her breathing, although it was not until one month after the last date she was insured that Plaintiff required oxygen. The ME, Sterling Moore, M.D., testified that because Plaintiff was diagnosed with sleep apnea in 1998, had a history of mild COPD, and required oxygen twenty-four hours a day just shortly after the date that she was last insured, it was reasonable to conclude that Plaintiff had severe pulmonary hypertension prior to the date that her insured status expired. Thus, taking into account Plaintiff's breathing impairments, the ME testified that Plaintiff could perform sedentary work with avoidance of pulmonary irritants as of the date that she was last insured.

    Plaintiff generally alleges that the ALJ improperly found her able to perform a wide range of sedentary work, and failed to properly assess her credibility. Plaintiff argues that the ALJ did not consider SSR 96-7p in assessing her credibility. A review of the ALJ's decision reveals that the ALJ specifically referred to SSR 96-7p and 20

C.F.R. § 404.1529 in discussing Plaintiff's credibility. To establish disability, there must be a showing of functional impairment which would preclude substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Plaintiff's subjective statements about her symptoms are not sufficient to establish a disabling impairment. Rather, the ALJ has a duty to make a credibility finding when the individual's statements are "not substantiated by objective medical evidence." 20 C.F.R. § 404.1529; SSR 96-7p. Statements about symptoms and pain are not rejected solely due to lack of medical evidence; therefore, other factors such as activities of daily living, medication dosage and side-effects, treatment, and methods of alleviating pain are considered to determine the limiting effects of the pain and symptomatology on the ability to work. *See* 20 C.F.R. § 404.1529(a)(c).

The ALJ discussed Plaintiff's daily activities, her symptoms, and her treatment, including medications and the absence of any side effects. Plaintiff bears the burden of proving a disabling condition. The ALJ has no burden to prove that Plaintiff is not disabled. *See Muse*, 925 F.2d at 789. Again, Plaintiff's own medical records support the ALJ's determination. Mere testimony without supporting medical evidence cannot establish disability by itself. *See* 20 C.F.R. § 404.1528(a). While Plaintiff may allege that she was disabled, the evidence does not support her claim.

Fifth Circuit case law clearly establishes that a claimant's subjective complaints must be corroborated, at least in part, by objective medical testimony. *See Wren*, 925 F.2d at 128-29; 20 C.F.R. § 404.1508. Subjective evidence will not take precedence

9

over conflicting medical evidence. *See Harper v. Sullivan*, 887 F.2d 93, 96 (5th Cir. 1989). When there are conflicts between subjective complaints and objective evidence, the ALJ is to evaluate the claimant's credibility. *See Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988). Judgment as to the credibility of Plaintiff's testimony is the province of the ALJ. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).

Plaintiff appears to equate her severe impairments with a disabling impairment, yet an impairment that is severe is not necessarily disabling. *See* 20 C.F.R. § 404.1520(e). The evidence simply fails to demonstrate that Plaintiff experienced any disabling impairments prior to the date that she was last insured in December 2000. As noted previously, Plaintiff has acknowledged to her physicians that she did not begin experiencing any back pain until March 2001. Plaintiff's failure to present herself to any physician regarding her alleged disabling back pain until three months after her insured status expired casts doubts on the credibility of her allegation that her back condition was disabling. The Court may rely upon Plaintiff's failure to present herself for treatment as an indication that her complaints were not credible. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (lack of treatment is an indication of non-disability). A claimant's subjective complaints must be corroborated at least in part by objective medical evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). While Plaintiff may be dissatisfied with the result of the ALJ's analysis of the record, it is clear that the ALJ did evaluate the objective and subjective evidence of record before finding Plaintiff not disabled.

As to Plaintiff's breathing impairments, as the ALJ noted, other than mild to moderate obstructive sleep apnea and pulmonary hypertension, there were also no diagnostic studies establishing the severity of her respiratory problems prior to December 2000. The ALJ appropriately noted that prior to December 31, 2000, there were no diagnostic studies, including spirometry or arterial blood gases, establishing the severity of her respiratory problems; nor is there evidence that her treating physicians imposed any work-related restrictions because of ventilatory deficits. The lack of restrictions or limitations placed on Plaintiff by her physicians bears upon her credibility with respect to alleged limitations and an ability to work. *See Hollis*, 837 F.2d at 1387. The Fifth Circuit has also generally held that substantial evidence supports the ALJ's finding that claimant's subjective symptomology is not credible when no physician on record stated that claimant was physically disabled. *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995), *citing Harper*, 887 F.2d at 97.

Even in October 2001, ten months after Plaintiff's insured status expired, pulmonary specialist Marcus Quinn, M.D., stated that Plaintiff's COPD was mild and that she was responding well to oxygen therapy. Additionally, the ME testified that Plaintiff's smoking would have a profound effect on her COPD and only minimally aggravate her pulmonary hypertension. Plaintiff acknowledged to Dr. Mignucci that she did not quit smoking until 2001, at which time she was smoking two packs of cigarettes a day. Medical records from September 2000 and August 2001 also reveal that Plaintiff was still smoking and was encouraged to stop by her physicians. In *Fletcher v. Califano*, 471 F. Supp. 317, 320 (N.D. Tex. 1979), the Court observed that

"where a person's impairment is respiratory in nature, failure to stop smoking militates against a finding of disability." In this case, although Plaintiff contends that she had a disabling respiratory impairment prior to December 2000, Plaintiff continued to put her health at risk by continuing to smoke.

The ALJ considered Plaintiff's activities in evaluating her RFC.  *See Leggett v. Chater*, 67 F.3d 558, 565 n. 12 (5th Cir. 1995) (daily activities are relevant in the credibility determination).  Plaintiff's activities demonstrated that she was capable of performing work activity at a sedentary exertional level.  As the ALJ noted, while Plaintiff alleged that her daily and functional activities were limited, she reported in her Daily Activity Questionnaire that she had no difficulty sitting, driving a car, using her hands or reaching.  Plaintiff also testified at the hearing in 2002 that she could sit and engage in such activities as quilting, reading, and engaging in activities with her grandchildren (Tr. 327).  Such activities are consistent with the ability to perform sedentary work.

A review of the ALJ's decision reveals that the ALJ analyzed Plaintiff's allegations as well as the objective medical evidence that supported or detracted from Plaintiff's claim of disability.  The ALJ's evaluation of credibility is entitled to considerable deference by the Court.  *Carrier v. Sullivan,* 944 F.2d 243, 247 (5th Cir.1991); *See Villa,* 895 F.2d at 1024.

Plaintiff also contends that the ALJ ignored her testimony regarding her ability to work as well as the VE's testimony in response to her allegations.  *See* Pl's Br. at 14. However, because Plaintiff's allegations were unsupported by the record, the ALJ

was not required to rely on the VE's response to hypotheticals incorporating such unsupported restrictions. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (*quoting Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) ("[u]nless there is record evidence to adequately support [assumptions made by a vocational expert], the opinion expressed by the vocational expert is meaningless"); *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (affirming ALJ's disregard of a vocational expert's testimony because the ALJ "found [that the] objective medical evidence did not coincide with the hypothetical assumptions posed to the vocational expert"); *Stubbs v. Mathews*, 544 F.2d 1251, 1256 (5th Cir.1977) (finding that "the answers of the vocational expert given in response to hypothetical questions . . . are not sufficient . . . because of the inadequacy of the assumptions upon which they were based"). Hypotheticals which assume unsupported allegations are not binding on the ALJ. *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

The ALJ's hypothetical question posed to the VE reasonably incorporated all of the disabilities recognized by the ALJ. *See Bowling*, 36 F.3d at 436. In response, the VE testified that an individual with Plaintiff's RFC could perform a significant number of skilled sedentary jobs. VE testimony that a claimant can perform a number of jobs suited to her capabilities will satisfy the Commissioner's burden of showing that the claimant is not disabled. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof *shifts* back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (*citing Fraga v. Bowen*, 810

F.2d 1296, 1302 (5th Cir. 1987)).  Plaintiff has failed to rebut the ALJ's finding.  It is obvious that Plaintiff's condition has continued to deteriorate and that she suffered from weight gain, back pain, and pulmonary distress.  However, this deterioration is markedly noticeable after the expiration of her insured date and, unfortunately for the Plaintiff, cannot be considered here.

## RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that the decision of the Administrative Law Judge should be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 2nd day of September, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE